UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

GONZALES & GONZALES BONDS & INSURANCE AGENCY, INC., *et al.*,

        Defendants.

No. C-11-4794 EMC

**ORDER GRANTING PLAINTIFF'S MOTION TO STAY**

        The United States moves to stay proceedings in the instant case, pending resolution of the merits of the issues raised in the first action between the parties, *United States v. Gonzales & Gonzales Bonds and Insurance Agency, Inc*. et al., Case No. C 09-04029 EMC, which raises substantially identical issues. The parties had previously agreed to tolling the statute of limitations as to the bond breach determinations at issue between them. However, the parties have been unable to agree as to any extension of that agreement. Therefore, Plaintiff seeks to stay this action so as to preserve its rights and await resolution of the first action.

        A court has inherent power "to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North America Co.,* 299 U.S. 248, 254 (1936). The power to stay a proceeding is incidental to this power. *Id.* A court considering a motion to stay must weigh:

> . . . the possible damage which may result from the granting of a stay; the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the

>
> simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 268).

In the instant case, this Court has already directed the parties at the August 12, 2011 hearing in the first action that they were to proceed by raising cross-motions for summary judgment on a "reasonable sampling [of bonds] that's representative of the kinds of issues that are raised on both sides." Case No. 09-4029, Docket No. 85, at 16. The Court further expressed "its concern that the litigation could become unmanageable if the parties seek to add substantial quantities of new bonds to their ongoing dispute. The Court therefore order[ed] the parties to meet and confer to develop a proposed adjudication plan so that the Court can address in an orderly way the bellwether bonds and issues raised by the parties' claims and counterclaims, and any defenses thereto." Case No. 09-4029, Order, Docket No. 83, at 8. Accordingly, the Court determines that a stay of this action, including discovery, is appropriate in order to preserve both the parties' and the Court's resources and address their disputes in an efficient manner.

The Court also determines that, in order to protect against any prejudice to Gonzales & Gonzales ("G&G") as a result of this stay requested by the United States, it is appropriate to stay any accrual of interest, and other charges, such as penalties and handling charges. *See Guirola-Beeche v. U.S. Dept. of Justice*, 662 F. Supp. 1414, 1418 (S.D. Fla. 1987) ("If the Plaintiffs are required to pay a substantial amount of interest and other charges just because they pursue their right to judicial review of an administrative decision, it seems irreparable harm is likely."). As Defendant points out, the United States may waive collection of interest and other penalties when the collection would be against equity or otherwise not in the interests of the United States. *See* 6 C.F.R. § 11.10(b); 31 C.F.R. § 901.9(g). Plaintiff cites to these statutes as requiring the government to charge interest and penalties, yet fails to account for the statutes' express allowance of waiver. *See* Reply at 6. Contrary to the government's argument, the Court's order will not cause an injustice in the form of denying it all interest or other penalties accrued as a result of the delay in receiving its payment. Rather, it will simply prevent Plaintiff from unduly benefitting from the delay it seeks. The Court therefore agrees with the *Guirola-Beeche* court that a party's effort to subject

administrative decisions to judicial review "is such a circumstance where waiver of interest would be appropriate, and accordingly finds that there is little potential for harm to the Defendants if interest and fees are not accrued during the pendency of this [stay]." *Guirola-Beeche*, 662 F. Supp. at 1419. Indeed, the Court's order in the instant case is far more conservative than that in *Guirola-Beeche*, which stayed penalties throughout the pendency of the action. In the instant case, by contrast, the Court merely orders that accrual will be stayed during the time the action itself is stayed. The Court therefore determines that a stay of both the action and the accrual of penalties serves the interests of both parties and judicial economy.

Accordingly, Plaintiff's motion to stay is hereby **GRANTED**, and Defendant's request to stay the accrual of interest and other penalties is also **GRANTED** beginning as of the date of this Order and ending when the stay ends, or at such time as the Court may order.[1] This action is hereby stayed until further order. The Court intends to adjudicate expeditiously the parties' forthcoming cross-motions for summary judgment in the related action, Case No. 09-4029.

This Order disposes of Docket No. 12.

IT IS SO ORDERED.

Dated: December 16, 2011

_____
EDWARD M. CHEN
United States District Judge

---

[1] The Court repeats its warning to counsel for G&G that the Court reserves the right to lift the stay on accrual of penalties and interest if the Court determines that the first action is being unduly delayed and the equities tip in favor of the Government.